1  Douglas Kruschen
2  P.O. Box 465
   Agoura Hills, CA 91376-0465
3  (805) 225-3328
4  (Plaintiff Pro Se)

FILED
CLERK, U.S. DISTRICT COURT
JUN - 9 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Fee Paid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

DOUGLAS KRUSCHEN, an individual,

　　　　Plaintiff

　　v.

SEARCH AMERICA, INC., a corporation,

　　　　Defendant

Case No.: CV14-3965-MMM (SHx)

**FIRST AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices)

RECEIVED
CLERK, U.S. DISTRICT COURT
JUN -17 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

COMES NOW Plaintiff DOUGLAS KRUSCHEN, an individual, and for causes of action against Defendant, alleges as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Credit Reporting Act, *15 U.S.C. § 1681 et seq.* (FCRA).

2. Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* (FDCPA).

3. Count III of Plaintiff's Complaint is based on the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785 et seq.* (CCRAA).

4. Count IV of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788 et seq.* (RFDCPA).

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1681(p)* and *28 U.S.C. § 1331*.

6. *28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

7. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

8. Venue is proper pursuant to *28 U.S.C. § 1391(b)(2)*.

9. Declaratory relief is available pursuant to *28 U.S.C. §§ 2201 and 2202*.

## PARTIES

10. Plaintiff is a citizen of the state of California, residing within the federal Central District.

11. Plaintiff is a "person" as defined by *47 U.S.C. §§ 153(39) and 1681a(b)*.

12. Plaintiff is a "consumer" as defined by *15 U.S.C. §§ 1681a(c) and 1692(a)(3)*.

13. Defendant is a "debt collector" as defined by *15 U.S.C. § 1692a(6)* and *Cal Civ. Code §1788.2(c)*.

14. Defendant is a "consumer reporting agency" as defined by *15 U.S.C. § 1681a(f)* and *Cal Civ. Code §1788.2(k)*.

15. Defendant engages in "interstate communications" as defined by *47 U.S.C. § 153(28)*.

16. Defendant is a corporation with its headquarters in Maple Grove, Minnesota.

17. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

18. On or about January 23, 2014, Plaintiff obtained a copy of his consumer credit report "file" from credit reporting agency, Experian Information Systems, Inc.

19. Based on information contained within the January 23, 2014, dated report from Experian Information Systems, Inc., Defendant obtained Plaintiff's credit report on September 10, 2012.

20. On February 18, 2014, Plaintiff contacted Defendant to inquire as to the permissible purpose asserted.

21. On or about March 6, 2014, Defendant sent Plaintiff a form response to the February 18, 2014, letter, but did not provide any detail requested.

22. Between February 18, 2014, and the filing of this action, Plaintiff and Defendant have been unable to reach an agreement to settle the matter without judicial intervention.

## COUNT I

## DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 et seq.

23. The Fair Credit Reporting Act (FCRA) defines the permissible purposes for which persons may obtain a consumer's credit report.

24. Such permissible purposes include a consumer having business with, accounts with, pending application for credit with, pending application for employment with, or pending application for insurance with the person requesting. *15 U.S.C. § 1681b*

25. At no time has Plaintiff ever had business with, had accounts with, made application for credit with, made application for employment with, made application for insurance with, or received an unsolicited offer of credit from, Defendant.

26. Defendant violated *15 U.S.C. § 1681b* as at no time did Defendant have Plaintiff's express consent to acquire Plaintiff's consumer credit report nor did Defendant have a permissible purpose.

## COUNT II

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 et seq.

27. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

28. Defendant negligently, willfully and routinely engaged in numerous acts or omissions prohibited by the FDCPA, including, but not limited to:

29. Defendant violated § 1692e(10) of the FDCPA by the "use [of]...false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. Defendant violated § 1692e(11) of the FDCPA by failing "...to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector..."

31. The foregoing acts of Defendant constitute violations of the FDCPA.

32. Accordingly, as a direct and proximate result of Defendant's outrageous conduct and acts, Plaintiff suffered both emotional distress and economic losses; Defendant's conduct has caused Plaintiff emotional distress including but not limited to embarrassment, humiliation, anger, anxiety, and fear.

## COUNT III

## DEFENDANT VIOLATED THE CONSUMER CREDIT REPORTING AGENCIES ACT (CCRAA), Cal. Civ. Code § 1785 et seq.

33. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

34. The Consumer Credit Reporting Agencies Act (CCRAA) was enacted by the California Legislature "to regulate agencies that report on consumer credit in California by ensuring that the information they issue for consumer credit, insurance, residence rental, or employment purposes is fair and impartial and respects the consumer's right to privacy." *Cal. Civ. Code § 1785.1*

35. Defendant violated *§ 1785.19(a)(1)* by "knowingly and willfully obtain[ing] access to" Plaintiff's credit file other than as provided in *§ 1785.11*.

36. Defendant violated *§ 1785.19(a)(2)* by "knowingly and willfully obtain[ing] data from" Plaintiff's credit file *§ 1785.11*.

## COUNT IV

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

37. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

38. The Rosenthal Fair Debt Collection Practices Act (RFDCPA) was enacted by the California Legislature "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." *Cal. Civ. Code § 1788.1(b)*

39. Penalties provided for under RFDCPA "are intended to be cumulative and are in addition to any other procedures,

rights, or remedies under any other provision of law." *Cal. Civ. Code § 1788.32.*

40. RFDCPA, at *§ 1788.17*, holds that a violation of the FDCPA is also a violation of the RFDCPA.

41. Defendant violated *§ 1788.17* of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOUGLAS KRUSCHEN, requests that judgment be entered against Defendant, SEARCH AMERICA, INC., for the following:

**Count I:**

42. Declaratory judgment that Defendant's conduct violated the Fair Credit Reporting Act,

43. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n(a)(1)(A),*

44. Punitive damages of $5,000.00 pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n(a)(1)(B),*

45. Costs and reasonable attorney's fees pursuant to the Fair Credit Reporting Act, *15 U.S.C. § 1681n(a)(3),* and

46. Any other relief as the court deems appropriate.

**Count II:**

47. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

48. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. § 1692k,*

49. Costs and reasonable attorney's fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. § 1692k,* and

50. Any other relief as the court deems appropriate.

**Count III:**

51. Declaratory judgment that Defendant's conduct violated the Consumer Credit Reporting Agencies Act,

52. Statutory damages of $2,500.00 pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.19(a)*

53. Costs and reasonable legal fees pursuant to the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code § 1785.19(a)*, and

54. Any other relief as the court deems appropriate.

**Count IV:**

55. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

56. Statutory damages of up to $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(b),*

57. Costs and reasonable legal fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(c),* and

58. Any other relief as the court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DOUGLAS KRUSCHEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: May 28, 2014

By: Douglas Kruschen
*(Plaintiff Pro Se)*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

    Plaintiff, DOUGLAS KRUSCHEN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I believe that all of the facts contained in the above entitled civil Complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass and Defendant, cause unnecessary delay to and Defendant, or create needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated exhibits, except some may contain my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, DOUGLAS KRUSCHEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: May 28, 2014

By: DOUGLAS KRUSCHEN
(Plaintiff)



